UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ENTERPRISE FM TRUST, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:19-cv-00358-GZS |
| | ) | |
| GLOBAL ENVIRONMENTAL | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OF DECISION ON
## MOTION TO APPOINT A RECEIVER

The matter is before the Court on Plaintiff's Motion to Appoint a Receiver. (Motion, ECF No. 11.) Through the motion, Plaintiff asks the Court to appoint a receiver to oversee the location and the recovery of vehicles it leased to Defendant.

Defendant did not respond to Plaintiff's complaint, nor did Defendant respond to the motion. Upon Plaintiff's request, the Court entered a default against Defendant on the complaint.[1] (Order, ECF No. 8.)

Following a review of the record and after consideration of Plaintiff's arguments, the Court grants Plaintiff's motion for the appointment of a receiver.

### FACTUAL BACKGROUND

With the entry of default, Plaintiff's allegations against Defendant are "taken as true and … considered established as a matter of law." *Libertad v. Sanchez*, 215 F.3d

---

[1] In a recommended decision of even date, I recommended that Plaintiff's motion for default judgment be granted.

206, 208 (1st Cir. 2000) (quoting *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985)); *see also In re Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (a party "who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability ….").

Plaintiff and Defendant entered into a Master Equity Lease Agreement effective December 6, 2012 (the Agreement). (Complaint ¶ 6, ECF No. 1.)[2] Under the Agreement, Defendant leased vehicles from Plaintiff. (*Id.*, ¶ 7.) Defendant was obligated to pay rent for the vehicles. (*Id.* ¶ 9.) On or about April 23, 2019, Defendant's April rent check was returned for insufficient funds. (*Id.* ¶ 10.) Defendant failed to remedy its missed rent payment within ten days, as required by the Agreement. (*Id.* ¶ 11.) Defendant's failure to remedy the missed rent payment constituted a default under the terms of the Agreement. (*Id.* ¶ 14.)

The Agreement provides that in the event of a default, Plaintiff is entitled to terminate the Agreement demand the return of the vehicles. (*Id.* ¶ 16.) On May 7, 2019, Plaintiff terminated the Agreement and demanded return of the vehicles. (*Id.*, ¶ 17.)[3] Upon such demand, the terms of the Agreement required Defendant to return the vehicles to Plaintiff immediately. (*Id.*, ¶ 16.) Defendant returned some of the leased vehicles to Plaintiff; seventeen vehicles remain unreturned. (Declaration of B. Jurich, ¶ 8, ECF No. 10-2). Over the course of the next several months, Plaintiff and Defendant were

---

[2] A copy of the Agreement is attached to the Complaint as Exhibit 1. (ECF No. 1-1.)

[3] A copy of the May 7, 2019 letter is attached to the Complaint as Exhibit 3. (ECF No. 1-3.)

in contact regarding the vehicles and outstanding payments due under the terms of the Agreement. (Declaration of B. Jurich ¶¶ 4-31, ECF No. 12.)

In its complaint, Plaintiff requested, among other things, specific performance of Defendant's obligation to return the vehicles. (Complaint ¶¶ 9-10.) Plaintiff emailed Defendant's president, Kevin Pomerleau, on August 30, 2019, and stated, "Our efforts to reclaim [the vehicles] seem to have stalled. It is necessary to now have all of the vehicles reported as stolen and added to the stolen vehicle database." (Declaration B. Jurich ¶ 26.) Plaintiff allowed Defendant until September 3, 2019 to contact Plaintiff for instructions on returning the vehicles. (*Id.*) Defendant eventually returned some of the vehicles to Plaintiff; seventeen vehicles remain unreturned. (*Id.* ¶ 31.)

Plaintiff seeks the appointment of a receiver to assist in the recovery of the vehicles.

## DISCUSSION

Federal Rule of Civil Procedure 66 governs "an action in which the appointment of a receiver is sought or a receiver sues or is sued." jThis Court also has inherent equitable power to appoint a receiver to manage or preserve property. *United States v. Quintana-Aguayo*, 235 F.3d 682, 686 & n.8 (1st Cir. 2000). "[T]he decision to appoint a receiver … lies within the discretion of the court." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988). Some of the factors a court may consider include whether the defendant is alleged to have engaged in fraudulent conduct, whether the property is in imminent danger, whether the available legal remedies are adequate, whether the harm to the plaintiff caused by the denial of the appointment would exceed the harm to the

defendant and others opposed to the appointment, whether the plaintiff is likely to succeed in the action, whether the plaintiff's interests in the property might be susceptible to irreparable injury, and whether the interests of the plaintiff and others sought to be protected will be well served by the receivership. *Id.* at 326 – 27.

Here, default has been entered against Defendant and thus Plaintiff has established Defendant's liability. Defendant has breached the terms of the Agreement and is required to return to Plaintiff the vehicles. Plaintiff's interest in the vehicles is at risk as Plaintiff has no ability to control the maintenance or use of the vehicles.

Given Plaintiff's past unsuccessful attempts to recover the vehicles from Defendant, given that Defendant has failed to provide any assurance that it has secured the vehicles for Plaintiff, and given the uncertainty as to the current location of the vehicles, a receiver would assist Plaintiff in its efforts to protect its interest in the vehicles. The appointment of a receiver, therefore, is warranted.

In its motion, Plaintiff asked the Court to appoint John Thibodeau as receiver. In support of the request, Plaintiff referenced Mr. Thibodeau's resume as an exhibit to the motion, but evidently inadvertently omitted to attach the resume to the motion. Upon submission of Mr. Thibodeau's resume and a proposed order of appointment, the Court will determine whether the appointment of Mr. Thibodeau is appropriate.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's Motion to Appoint a Receiver. The Court will appoint a receiver upon the submission of information regarding

the qualifications of the proposed receiver and a proposed order of appointment, which order should set forth the receiver's responsibilities and authority.

## **NOTICE**

Any objections to this Memorandum of Decision shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of December, 2019.