# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ENTERPRISE FM TRUST, | ) |
| Plaintiff, | ) |
| -vs- | ) 2:19-cv-00358-GZS |
| GLOBAL ENVIRONMENTAL SOLUTIONS, INC., | ) |
| Defendant. | ) |

## ORDER APPOINTING RECEIVER

On December 31, 2019, the Magistrate Judge entered an Order granting Plaintiff Enterprise FM Trust's ("EFM") Motion for Appointment of a Receiver (ECF No. 14). In this Order, it was determined that Defendant had "failed to provide any assurance that it ha[d] secured [certain] vehicles for Plaintiff, and given the uncertainty as to the current location of the vehicles, a receiver would assist Plaintiff in its efforts to protect its interest in the vehicles." (Id. at 4.) The Court directed EFM to submit additional information regarding the proposed receiver and a proposed order.

Also, on December 31, 2019, the Magistrate Judge entered a separate Recommended Decision on EFM's Motion for Default Judgment (ECF No. 13). The Court subsequently adopted this Recommended Decision on January 21, 2020 and, as a result, final judgment (ECF No. 17) entered on January 23, 2020. Pursuant to the Court's January 21, 2020 Order (ECF No. 16), Defendant was required to return all lease vehicles to Plaintiff by February 20, 2020.

After the entry of the final default judgment, the Magistrate Judge determined that the appointment of a receiver would be governed by Federal Rule of Civil Procedure 70

and so informed EFM . Thereafter, EFM filed the pending Supplemental Motion for the Appointment of a Receiver (ECF No. 20). In the Motion, EFM represented that Defendant had not complied with the Court's order to return the vehicles. Defendant was served a copy of the pending Motion but has filed no response by the March 5, 2020 deadline. (See Procedural Order (ECF No. 21).)

The Court construes the Supplemental Motion as a request for relief under Federal Rule of Civil Procedure 70. Having reviewed EFM's submissions and the entire record, the Court now GRANTS the Supplemental Motion.[1]

The Court hereby appoints Windsor Associates, LLC, of Portland, Maine, as Receiver ("Receiver") of Defendant Global Environmental Solutions, Inc. ("Global Environmental"), subject to the following terms and conditions:

1. <u>Powers.</u> The Receiver is hereby authorized and empowered to do the following until further order of this Court:

a) To take all actions as it may determine necessary in its reasonable discretion to locate, repossess, retrieve, manage, protect, and preserve the vehicles EFM leased to Global Environmental pursuant to the Master Equity Lease Agreement attached as Exhibit 1 to the Complaint in this matter (the "Complaint"), which vehicles are listed in Exhibit 2 to the Complaint (the "Vehicles") (see ECF No. 1, ¶¶ 6-7; ECF Nos. 1-1 and 1-2), and to collect monies and receive all other benefits, including, without limitation, all rents, income, debts, obligations, revenues, accounts receivable, and profits owing or accruing to

---

[1] The Court notes that the issue of receivership has been ably handled by the Magistrate Judge to date. However, in light of the First Circuit's decision in <u>ML-CFC 2007-6 Puerto Rico Properties, LLC v. BPP Retail Properties, LLC</u>, No. 18-1405, 2020 WL 966257 (1st Cir. Feb. 28, 2020) and given the default in this matter, the interests of judicial efficiency are best served by this Court resolving the remaining receivership issues. The Court notes that its ruling incorporates a de novo determination of all of the matters resolved in the Magistrate Judge's earlier Memorandum Decision on Motion to Appoint Receiver (ECF No. 14) and the Court adopts and incorporates that Decision as part of its reasoning in this Order.

Global Environmental (the "Global Environmental Funds"), from any third party regarding the Vehicles and apply the same in the manner set forth in paragraph 1(d) below;

b) To take actions to enforce the January 21, 2020 Order Affirming the Recommended Decision of the Magistrate Judge (ECF No. 16) and subsequent Judgment entered on January 23, 2020 (ECF No. 17) (together, the "Judgment"), directing Global Environmental to return the Vehicles to EFM.

c) To access, examine and, as necessary, make copies of the records, documents, data, and accounts of Global Environmental or in Global Environmental's possession, custody, or control, whether electronic or hard copy, relating to the Vehicles, and report to the Court on the same during the pendency of the receivership;

d) To apply the Global Environmental Funds in the following manner:

   i. Payment of the compensation, costs, expenses and fees of the Receiver and attorneys for and agents of the Receiver incurred in locating and returning the Vehicles; and

   ii. Payment of the ordinary and necessary expenses of locating, retrieving, managing, protecting and preserving the Vehicles, including, without limitation, the payment of insurance premiums and other expenses.

e) To bring legal action, if necessary, in order to recover the Vehicles and/or collect the Global Environmental Funds, and to settle and compromise any of such Funds whenever the Receiver shall deem it advisable to do so, upon such terms and conditions as appear to it to be justifiable, after notice to and consultation with EFM;

f) To bring legal action, if necessary, in order to compel third parties to produce documents and/or information helpful or necessary to the Receiver's exercise of its powers

as set forth herein, and to compel the compliance, by subpoena or otherwise, of third parties on behalf of Global Environmental and any other party or entity subject to the receivership;

g) To step into Global Environmental's shoes with respect to its rights under contracts with third parties regarding the Vehicles, including, without limitation, its right to negotiate and enter into contracts, and to renegotiate and terminate contracts regarding the Vehicles; and to compromise obligations owing to and by Global Environmental, after notice to and consultation with EFM, where it appears in the Receiver's best judgment to be in the best interest of preserving the Vehicles;

h) To pay the agents, attorneys and employees whom the Receiver hires or continues in employment such compensation for their services as provided herein or, where not specifically provided, as the Receiver deems proper;

i) To employ an attorney if, in the judgment of the Receiver, legal advice, counsel, or consultation is required in connection with the performance of the duties of the Receiver, and to prosecute actions to collect any sums or obligations due as appears advisable; and

j) To do anything the Receiver reasonably deems necessary to perform the duties set forth above.

The Receiver shall have broad discretion to exercise its powers as it deems proper in its business judgment. The common-law-business-judgment rule shall apply to all decisions made by the Receiver. The fact that the Receiver has the power to perform an act does not require the Receiver to perform that act if it is contrary to the Receiver's business judgment.

2. <u>Compensation of Receiver</u>.

a) <u>Hourly Rate.</u> The Receiver will be paid the sum of $300.00 per hour for all Work (as hereinafter defined) performed by Windsor Associates, LLC (John C. Thibodeau). The Receiver will be paid $125.00 per hour for all Work performed by the Receiver's associates. "Work" means anything that the Receiver does in connection with its responsibilities or powers under this Order. Receiver shall be entitled to be paid for its travel time at one-half (1/2) of the Receiver's hourly rates.

b) <u>Expenses</u>. The Receiver will be reimbursed for all reasonable out-of-pocket expenses.

c) <u>Weekly Payment</u>. The Receiver will send EFM an invoice ("Invoice") once a week on Friday for fees and expenses of the previous week. Upon review and approval of each Invoice, EFM shall promptly remit payment to the Receiver; provided, however, that all fees and expenses not objected to shall be paid within fourteen (14) days from said Friday. Additionally, the Receiver may request that EFM directly pay third-party expenses that are necessary for the performance of the Receiver's duties.

d) <u>Security Deposit</u>. EFM will pay the Receiver the sum of $15,000.00 as a security deposit (the "Security Deposit") to secure payment of the Receiver's fees and expenses, including fees and expenses of the Receiver's counsel. The Receiver will pay the sum of $5,000.00 from the Security Deposit to the Receiver's counsel as a deposit against fees and expenses of the Receiver's counsel, and hold the balance of the Security Deposit in an interest-bearing account, and will not commingle the Security Deposit with any other funds of the Receiver or Global Environmental. Should EFM fail to pay any Invoice within fourteen (14) days of receipt thereof, the Receiver may use the Security Deposit to pay the

same. Upon payment in full of all the fees and expenses of the Receiver, including fees and expenses of the Receiver's counsel, the Receiver will return the unused Security Deposit to EFM. The Receiver shall also have, without any further order of this Court, and without the necessity of filing any mortgage, financing statement or other security document, a super-priority lien on the assets of Global Environmental, senior to any and all interests of EFM, Global Environmental, and all parties in interest, to secure payment of the Receiver's fees and expenses, including fees and expenses of the Receiver's counsel. The Court may, upon EFM's motion, intervene to review and adjust any Invoice of the Receiver that EFM disputes.

3. <u>Attorney-Client Relationship</u>. The Receiver and any counsel that it retains will enjoy full attorney-client privilege. Neither the Receiver nor its counsel will be required to divulge any confidential information that is subject to this privilege. The Receiver's counsel shall have no duty to anyone other than the Receiver.

4. <u>Liability of Receiver</u>. Neither the Receiver nor any of its employees, subsidiaries, parents, affiliated companies, officers, agents, representatives, shareholders, owners, subcontractors, or counsel (the "Receiver Parties") shall have any liability of any kind or nature whatsoever for any loss, expense, claim, cost, cause of action, suit, damage, liability, obligation, act or omission, or demand of any nature, kind or description whatsoever, in law or equity, arising from the Receiver's work pursuant to this Order, or which may result from any act or omission of Global Environmental, other than actions or failures to act that constitute gross negligence, willful misconduct, or fraud of the Receiver. This provision shall survive the termination of the Receiver's duties under this Order.

5. <u>Indemnification of Receiver</u>.  EFM shall defend and indemnify the Receiver from and against every liability of any kind or nature whatsoever for any loss, expense, claim, cost, cause of action, suit, damage, liability, obligation or demand of any nature, kind or description whatsoever, in law or equity, which may result from: (a) any act or failure to act by any of the Receiver Parties during the course of the Receiver's appointment, and related to the Receiver's execution of its powers and responsibilities, pursuant to the terms of this Order, other than actions or failures to act that are found to constitute gross negligence, willful misconduct, or fraud of the Receiver; and/or (b) any act or omission of Global Environmental. EFM shall reimburse the Receiver for all reasonable and necessary expenses (including reasonable fees of counsel) ***as they are incurred*** by the Receiver in connection with investigating, preparing for, or defending any such action or claim. This provision shall survive the termination of the Receiver's duties under this Order.

7. <u>Termination of Receivership</u>

a) <u>Termination on 10-day Notice</u>. The Receiver may terminate its employment on 10 days' written notice to the parties and the Court. The Court may terminate the Receiver at any time upon motion, notice to the parties, and a hearing.

b) <u>Termination on Recovery or Sale of Vehicles</u>. Unless sooner terminated, the receivership shall be terminated after EFM has recovered all of its Vehicles; or upon consummation of any sale(s) or transfer(s) of fee simple title to all of its Vehicles; and after a reasonable amount of time is allowed for the Receiver to collect such Global Environmental Funds as it deems reasonably capable of collection in satisfaction of the

Judgment or the Receiver Parties' outstanding fees, costs, or expenses; and after obtaining a final order of this Court discharging the Receiver.

  c) <u>Termination Without Notice</u>. Subject to Section 7(e), any of the following shall effect an immediate termination of the appointment of Receiver without notice: dissolution or termination of the limited liability company existence of the Receiver by merger, consolidation or otherwise; cessation on the Receiver's part to continue to do business; or bankruptcy, insolvency, or assignment for the benefit of the creditors of the Receiver.

  d) <u>Termination on Dismissal</u>. If the parties stipulate to the dismissal of this civil action, or if this civil action is otherwise dismissed, then the receivership will terminate, subject to the Court retaining limited jurisdiction to allow the Court to approve the Receiver's Report (as defined below).

  e) <u>Termination upon Bankruptcy</u>. If Global Environmental files a petition for relief under the United States Bankruptcy Code, 11 U.S.C. 101 *et seq.*, or if an involuntary petition against Global Environmental is granted by the United States Bankruptcy Court, the receivership will be automatically terminated and the Receiver will be automatically exonerated and discharged of having to file any report with this Court, including the Receiver's Report, unless turnover of the property from the Receiver is excused under 11 U.S.C. § 543(d) within 60 days of Global Environmental's order for relief in a bankruptcy case.

8. <u>Final Accounting</u>.

a) Within 60 days after termination of the receivership or the Receiver for any reason other than bankruptcy of Global Environmental (hereafter "Termination"), the Receiver shall deliver to the Court a report and accounting (the "Receiver's Report") detailing its activities and accounting for money received, money expended, and the Receiver's fees and expenses.

b) Any party may challenge the Receiver's Report by filing a written objection to it within 21 days of filing. Any party that fails to object to the Receiver Report waives any objection to it.

c) If there is no objection within 21 days, then: (i) the Receiver's Report will be automatically accepted and the Receiver will be exonerated and discharged. After application of the Security Deposit against the Receiver's fees and expenses, the remainder of the Security Deposit, if any, shall be returned to EFM.

d) When the Receiver is finally discharged, all actions it has taken will be automatically ratified by the Court unless a party proves prior to the discharge of the Receiver that those actions violated the business-judgment rule.

e) The Receiver shall be compensated for its fees and reasonable expenses (including legal and professional fees) for preparing the Receiver's Report and for all time spent responding to any objection to the Report and for any appearance at Court.

9. <u>Independent Contractor</u>. The Receiver is an independent contractor and shall not be deemed an employee or agent of EFM or Global Environmental.

10. This Order expressly sets forth all the duties of the Receiver. No implied duties or obligations shall be read into this Order against the Receiver. The Receiver shall

not be bound by the provisions of any agreement among any other parties except as expressly set forth in this Order.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 9th day of March, 2020.